UNITED STATES BANKRUPTCY COURT                    *FOR PUBLICATION*
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

In re Vincent and Elenita Cutignola,                    Case No. 10-38888
                                                        Chapter 7

                        Debtors.

-------------------------------------------------------------- X

### OPINION DENYING TRUSTEE'S MOTION FOR TURNOVER OF ASSETS

APPEARANCES:
Michael A. Fakhoury
804 Route 9, Suite 4
Fishkill, NY 12524
Counsel to Debtors

Thomas Genova, Trustee
1136 Route 9
Wappingers Falls, NY 12590
Chapter 7 trustee

The chapter 7 trustee seeks turnover of an individual retirement account and homestead exemption, which were owned by debtor Elenita Cutignola, on the grounds that they passed to the bankruptcy estate upon her death post-petition. Debtor Vincent Cutignola opposes the motion, arguing that the assets retain their exempt status, having passed to him as the beneficiary of his spouse's will. The Court finds that the homestead and retirement funds, which are inherited by a spouse, retain their exempt character. The trustee's motion for turnover is denied.

### Statement of Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B).

## Background

Debtors commenced their case on December 22, 2010, and received the chapter 7 discharge on March 30, 2011. The debtors had equity in the home in the amount of $68,000 at the time of filing. Elenita owned the couple's home, and exempted her homestead and retirement funds (the "Funds") worth about $82,000. It appears that Vincent did not have an ownership interest in the home at the time the case was commenced. Elenita died on January 13, 2011, leaving an estate of which Vincent is the sole beneficiary.

The parties do not dispute that the Funds were properly exempted by Elenita; that the Funds meet a standard for exempt retirement funds under the Internal Revenue Code; or that the are held by Vincent by way of a direct transfer. The parties do not dispute that the Funds presently are held in an account exempt from taxation.

On March 18, 2011, the trustee moved for turnover of the Funds and the original deed and insurance policy for the debtors' home located at 117 Spackenkill Road, Poughkeepsie. Debtor opposes the motion for turnover, arguing that the Funds are exempt pursuant to 11 U.S.C. § 522(d)(12), and that the Funds and the homestead exemption retained their exempt status when they were inherited by Vincent, Elenita's beneficiary. In reply to debtor's opposition, the trustee frames the issue as whether Vincent's acquisition of the IRA and the homestead be deemed death benefits and subject to turnover, and argues that the assets lost their exempt status when they passed to Vincent post-petition.

At the hearing on May 3, 2011, the trustee agreed that the assets were property of the estate, and properly exempted by Elenita. Both parties agreed that the debtors had been married for more than ten years and had lived in the home for many years. Both parties characterized the Funds as an individual retirement account ("IRA"). Counsel to the debtor argued that the Funds

were transferred to Vincent in an automatic, spouse-to-spouse transfer, that the Funds retain their

status as an IRA according to the Internal Revenue Code, that the Funds are identical to their

status before Elenita died, and that if Vincent withdraws funds, the tax treatment will be the same

as it would have been for Elenita. Debtor's counsel argued that 26 U.S.C. § 408(d)(3)(C)(2)

contains a significant exception to the treatment of inherited IRAs, in favor of the surviving

spouse.

### Discussion

11 U.S.C. § 541(a) provides:

The commencement of a case under section 301, 302 or 303 of this title creates an
estate. Such estate is comprised of all the following property wherever located
and by whomever held:
(1) [A]ll legal or equitable interests of the debtor in property as of the
commencement of the case [with certain exceptions].
**** (5) Any interest in property that would have been property of the estate if
such interest had been an interest of the debtor on the date of the filing of the
petition, and that the debtor acquires or becomes entitled to acquire within 180
days after such date …

Debtors in bankruptcy may exempt certain assets from the estate, so that they will not be

left so destitute that they cannot get the benefit of the fresh start. *See* 11 U.S.C. § 522(b). The law

governing exemptions is determined as of the date of the filing of the petition. *See In re*

*Magness*, 160 B.R. 294 (Bankr. N.D. Tex. 1993) (denying trustee's objection to exemption of

property inherited post-petition).

New York has opted out of the federal scheme of exemptions, pursuant to New York

Debtor and Creditor Law § 284. At the time the debtors filed the present case, a debtor in

bankruptcy was permitted to exempt trust funds, among other personal property, and $50,000 in

equity above mortgages, in property owned and occupied as a principal residence. *See* N.Y.

C.P.L.R. §§ 5205, 5206 (McKinney 2010) (personal and real property, respectively). [1]

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")

included a provision that allows debtors to exempt retirement funds that are exempt from

taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of

1986, even where the debtor's state has opted out of the federal scheme of exemptions. 11 U.S.C.

§§ 522(c)(b)(3)(C) and 522(d)(12); *see also* Collier on Bankruptcy P 522.10[9] (Alan A. Resnick

& Henry J. Sommers, 16th ed.). Bankruptcy Code § 522(b)(4)(C) states, "[For purposes of §§

522(c)(b)(3)(C) and 522(d)(12), a] direct transfer of retirement funds from 1 fund or account that

is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal

Revenue Code of 1986, under section 401(a)(31) of the Internal Revenue Code of 1986, or

otherwise, shall not cease to qualify for exemption under … subsection (d)(12) by reason of such

direct transfer." It appears that a debtor in a state that has opted out of federal exemptions may

---

[1] N.Y. C.P.L.R. § 5205(c) broadly exempts trusts from judgments:

Trust exemption. 1. Except as provided in paragraphs four and five of this subdivision,
**all property while held in trust for a judgment debtor, where the trust has been
created by, or the fund so held in trust has proceeded from, a person other than the
judgment debtor, is exempt** from application to the satisfaction of a money judgment.
2. For purposes of this subdivision, all trusts, custodial accounts, annuities, insurance
contracts, monies, assets or interests established as part of, and all payments from, either
any trust or plan, which is qualified as an individual retirement account under section
four hundred eight or section four hundred eight A of the United States Internal Revenue
Code of 1986, as amended, a Keogh (HR-10), retirement or other plan established by a
corporation, which is qualified under section 401 of the United States Internal Revenue
Code of 1986, as amended, or created as a result of rollovers from such plans pursuant to
sections 402(a)(5), 403(a)(4), 408(d)(3) or 408A of the Internal Revenue Code of 1986,
as amended, or a plan that satisfies the requirements of section 457 of the Internal
Revenue Code of 1986, as amended, shall be considered a trust which has been created
by or which has proceeded from a person other than the judgment debtor, **even though
such judgment debtor is (i) in the case of an individual retirement account plan, an
individual who is the settlor of and depositor to such account plan,** or (ii) a self-
employed individual, or (iii) a partner of the entity sponsoring the Keogh (HR-10) plan,
or (iv) a shareholder of the corporation sponsoring the retirement or other plan or (v) a
participant in a section 457 plan. (emphasis added).

still take advantage of the exemption for retirement accounts set out in Bankruptcy Code §§ 522(b)(3) and 522(d)(12).

### *Debtors may exempt assets acquired post-petition*

The assets that constitute property of the estate are determined by federal bankruptcy law. It is important to understand the distinction between the list of the actual items the debtor is allowed to exempt, which is determined by New York law and, in this case, Bankruptcy Code §§ 522(c)(b)(3)(C) and 522(d)(12) in effect at the time the case is filed, and the property of the estate from which the debtor may exempt assets, which does not contain such a temporal element. Bankruptcy Code § 522(b)(a) states, "*[n]otwithstanding section 541 of this title,* an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." Section 522(b)(1) does not limit itself to subsection (a)(1) of § 541, which would support the trustee's argument that the exemptions may only be taken in property owned at the time of filing; rather, § 522(b)(1) allows a debtor to exempt property despite "section 541." The superiority of § 522(b)(1), the right to exempt property, extends to all subsections of Bankruptcy Code § 541, including § 541(a)(1)(5)(A), which concerns property filed post-petition. *See In re Magness*, 106B.R. 294, 297 (Bankr. N.D. Tex. 1993) ("There is no requirement that the debtor own the property at the time the case is filed, nor does [§ 522(b)] limit the exemption to the property described in a particular subsection of § 541(a).").

As further support of this construction, the Court notes that Federal Rule of Bankruptcy Procedure 1007(h) requires the debtor to file supplemental schedules when an interest is acquired as provided in Bankruptcy Code § 541(a)(5), and states, "[i]f any of the property required to be reported under this subdivision is claimed by the debtor as exempt, the debtor shall claim the

exemptions in the supplemental schedule." The Bankruptcy Rule clearly provides for the debtor claiming exemptions in property acquired post-petition.

### *A debtor may exempt a homestead when ownership is inherited post-petition*

Caselaw amply supports the conclusion that the debtor's right to exempt property extends to property acquired post-petition. In *Connelly v. Roach*, 79 B.R. 159 (W.D.N.Y. 1987), the court allowed the debtor to take the homestead exemption in property she did not own until her husband died post-petition. "[B]ecause certain post-petition acquisitions relate back to the date the petition was filed and are included as part of the estate under section 541(a)(5), it would be inequitable not to allow the debtor to exempt her interest in such property to the extent the exemption would have been permissible if the debtor's interest in such property had actually existed at the time of filing." *Id.* at 160. The facts of *Connelly* appear to be the same as the facts presented in the matter at bar, and the Court is guided by *Connelly* in holding that Vincent Cutignola can take the homestead exemption.

The Court is similarly guided by *In re Martinez*, 392 B.R. 530 (Bankr. E.D.N.Y. 2008) (Eisenberg, Bankr. J.), where the bankruptcy court allowed the debtor to take a homestead exemption in property that passed to her post-petition by the law of intestacy. In *Martinez*, the debtor's father owned the property, and died without a will. The most recent deed was in the name of the administrator of the estate. The debtor had lived in the home off and on since 1978, including during the six years before the bankruptcy case was filed. The court found that title had vested pursuant to the New York law of estates, even without an actual deed, upon the death of the father. *See also Burg v. City of Buffalo (In re Burg)*, 295 B.R. 698, 702 (Bankr. W.D.N.Y. 2003) (holding tax foreclosure sale was barred by automatic stay and stating that "[u]nder New

York law, upon the death of a person his or her property vests, eo instanti, in his or her heirs or distributees.").

The Court holds that the estate's interest in property acquired post-petition is subject to the debtor's right to exempt property. The plain language of the Bankruptcy Code and Rules clearly indicate that the estate's right to property acquired post-petition is subject to the debtor's rights to exemptions. *See* Bankruptcy Code § 522(b)(a); Fed. R. Bankr. P. 1007(h). The trustee's preferred authority of *In re Wisotzke*, 2001 WL 445812 (Bankr. W.D.N.Y. Feb. 4, 2011) (Ninfo, Bankr. J.). does not persuade the Court that a debtor may not take a homestead exemption when ownership passes post-petition. In *Wisotzke*, the county conducted a tax foreclosure sale against debtor's home pre-petition, and the debtor attempted to set aside the sale as a fraudulent conveyance. The bankruptcy court considered whether the debtor could exempt a homestead interest at the time of the conveyance, and attempted to distinguish *Connelly* and *Martinez*.

The Court disagrees with the reasoning of *Wisotzke*, and declines to follow it in the matter at bar. Among other distinguishing facts, the bankruptcy court in *Wisotzke* considered a home of which an *in rem* foreclosure sale had been held, to satisfy outstanding property taxes, and debtor had delayed in administering his parents' estate. None of those circumstances are present in the matter at bar; the house has not been sold at a tax foreclosure, no priority tax claims are listed on the schedules, and Elenita Cutignola died recently. Further, *In re de Kleinman*, 172 B.R. 764 (Bankr. S.D.N.Y. 1994) (Bernstein, Bankr. J.) does not persuade the court that Vincent should be denied the homestead exemption. In *de Kleinman*, the sale of the condominium had closed in violation of the bylaws, and the owner from which debtor had tried to buy the condominium held legal title. As in *Wisotzke*, the peculiar facts of *de Kleinman* defeat

it being followed for the broad proposition that a debtor cannot inherit and exempt a homestead post-petition, particularly in light of the simpler and more similar facts of *Connelly* and *Martinez.*

In the matter at bar, Vincent Cutignola may take the homestead exemption. Debtor's counsel represented on the record of the hearing that the debtors had been married for many years, and had dwelled in the home as their principal residence for many years. Vincent acquired the homestead from Elenita upon her death post-petition. He may take the allowed exemptions in this asset, because the property in which exemptions are allowed is not limited to property owned by the debtor at the time the case is commenced. Section 541 is subject to § 522, and § 522 does not contain a temporal limitation. *See also Connelly, Martinez, Wilson, supra.* The trustee's motion for turnover of the deed and insurance policy is denied.

In the alternative, the trustee's motion is denied, because the homestead exemption continues after the owner's death for the benefit of the surviving spouse. N.Y. C.P.L.R. § 5206(b). In *In re Costello*, 72 B.R. 841 (Bankr. E.D.N.Y. 1987) (Duberstein, Bankr. J.), the court allowed a debtor to reopen his bankruptcy case, to avoid liens that impaired the homestead exemptions taken by himself and his deceased wife. *Id.* The court stated, "Mr. Costello presently has the right under § 522(f) to avoid the fixing of a judicial lien to the extent it may impair the $17,500 exemptions claimed by him and his wife because under the CPLR the homestead exemption claimed by Mrs. Costello survives her death and inures to the benefit of her husband." *Id.* at 844. "The exemption claimed by Mrs. Costello at the time of the filing survives her death and may be claimed by her husband as surviving spouse, not as the representative of her estate." *Id.* Elenita's homestead exemption was not extinguished upon her death; rather it passed to her husband by operation of N.Y. C.P.L.R. § 5206(b).

### _A debtor may exempt an IRA inherited from a spouse post-petition_

The Court considers whether a debtor may exempt retirement funds inherited from a spouse, post-petition, and holds that he may exempt the funds, pursuant to the foregoing authority and that of _In re Nessa_, 426 B.R. 312 (8th Cir. BAP 2010) and similar cases discussed herein. The controversy surrounding inherited retirement accounts concerns debtors who inherit the asset from their parents. "When an IRA is inherited by a non-spouse, the inheriting individual may not roll over any amounts into or out of the IRA, may not make contributions to it, and must begin to take distributions from it in a matter of years, regardless of the individual's health or age." _In re Kuchta_, 434 B.R. 837, 840 (Bankr. N.D. Ohio 2010) (citing 26 U.S.C. § 408; 26 C.F.R. § 1.408-2(b)(7); IRS Publication 590 at 20 (2009)); _see also_ Jeffrey Cymrot & Donald Lassman, _Inherited IRAs: Exemption Issues under the Code_, ABI Journal 1, 66-67 (May 2011) (nonspousal beneficiary must maintain account in decedent's name and take a distribution of all benefits within five years or over beneficiary's remaining life expectancy; may not contribute to account; and may withdraw funds without penalty). In _In re Nessa_, 426 B.R. 312 (8th Cir. BAP 2010), the circuit court allowed the debtor to exempt an IRA inherited from her father. The debtor was named the beneficiary of the father's IRA, and when he died pre-petition, she made a trustee-to-trustee transfer of the IRA to her own account. She did not roll over the account to her own IRA, take any distributions from the father's IRA, and did not contribute any of her own funds to the inherited account. The court found § 522(d)(12) did not distinguish between funds contributed by the debtor and funds contributed by someone else; all that mattered was whether the funds were "retirement funds." Similarly, in _Chilton v. Moser (In re Chilton)_, 2011 U.S. Dist. LEXIS 27002 (E.D. Tex. Mar. 16, 2011), the appellate court reversed the bankruptcy court's denial of an exemption in an IRA inherited from a parent, finding § 522(d)(12) does not require

funds to have been contributed by the debtor to qualify as retirement funds, and 26 U.S.C. § 408(e) exempts "any" individual retirement account from taxation. *Id.* at *9. In *Chilton*, the debtor inherited her mother's IRA by way of a trustee-to-trustee transfer, pre-petition. The court noted the standard for determining whether an IRA could be exempt under § 522(d)(12): (1) the amount the debtor seeks to exempt must be retirement funds, and (2) those retirement funds must be in an account that is exempt from taxation under Section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code. *Id.* at *5 (quoting *Nessa*, 426 B.R. at 314).

In contrast, in *In re Kuchta*, 434 B.R. 837 (Bankr. N.D. Ohio 2010), the court held that the IRA inherited from the debtor's mother, pre-petition, could not be exempted under Ohio law, which required the IRA to be funded with debtor's own wages to be exempt and the payments to be made on account of illness or age. The *Kuchta* court followed *Nessa* and allowed the debtor to exempt the funds by way of the federal exemption. In *In re Kirchen*, 344 B.R. 908 (Bankr. E.D. Wisc. 2006), a pre-BAPCPA case that did not consider Bankruptcy Code §§ 522(b)(3) and 522(d)(12) in their present form, debtor inherited his mother's IRA. As in *Kuchta*, the state exemption statute provided that the IRA could be exempted if it paid on account of illness, disability, death, age, or length of service. The court denied the exemption: "[h]ere, upon the death of the Debtor's mother, the nature of the IRA changed. What was previously maintained to provide tax-deferred income during the mother's retirement years had transformed into a source of immediately payable income to the Debtor, regardless of his age or retirement status." *Id.* at 914. Notably, the court in *Kirchen* discussed 26 U.S.C. 408(d)(3)(C), which concerns treatment of inherited IRAs that are not inherited by a surviving spouse.

Retirement funds may be exempted when inherited post-petition. In *In re Notargiacomo*, 253 B.R. 112 (Bankr. S.D. Fla. 2000), debtor's mother died after the bankruptcy case was

commenced, and debtor inherited the proceeds of an IRA and two annuities. The trustee argued that at the time the debtor filed the petition, he had only an equitable interest in these assets, which did not have an exemption under Florida law. The court denied the trustee's objection to the exemptions taken in the property post-petition, relying on *In re Wilson*, 694 F.2d 236, 238 (11th Cir. 1982) ("The property of the estate, including property added to the estate after commencement of the proceeding under subsections 541(a)(3) through (a)(7), is 'property of the estate' and can be claimed by the debtor as exempt under section 522(b)") and *In re Magness*, 160 B.R. 294 (Bankr. N.D. Tex. 1993) (denying trustee's objection to exemption of property inherited post-petition).

The Court finds the reasoning of *Notargiacomo*, *Nessa* and its progeny to be more persuasive than the contrary authority cited by the trustee. The language of Bankruptcy Code §§ 522(b)(3)(C) and 522(d)(12) is identical and the Court applies the analysis of § 522(d)(12) to § 522(b)(3)(C). *See also* 522(b)(4)(C). As noted above, an IRA may be exempt under § 522(d)(12) if: (1) the amount the debtor seeks to exempt must be retirement funds, and (2) those retirement funds must be in an account that is exempt from taxation under Section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code. It is uncontested that the funds at issue are retirement funds, and that they are presently in an account that is exempt from taxation. As counsel to the debtor convincingly argues, § 522(b)(4) states that a direct transfer of retirement funds from an exempt account shall not cease to qualify for exemption by reason of the transfer. Counsel to debtor has presented unrebutted evidence of a direct transfer of the retirement funds to debtor.

## Conclusion

The property that a debtor may exempt from the estate is not limited to assets owned at the time the case was filed. *See* Bankruptcy Code §§ 522(b), 541; Fed. R. Bankr. P. 1007(h).

Vincent Cutignola may take the homestead exemption in the home inherited from his wife post-petition, and may exempt the Funds. An ownership interest sufficient to support a homestead exemption passed to Vincent upon Elenita's death, and it is undisputed that the Funds are retirement funds, located in an account exempt from taxation under the Internal Revenue Code, and arrived at that location by way of direct transfer. The trustee's motion is denied.

Counsel to debtor shall submit an order.

Dated: Poughkeepsie, New York
May 18, 2011

*/s/ **Cecelia G. Morris***
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge